SKC

**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Anthony L. Rodrigues,

               Plaintiff,

vs.

Charles L. Ryan, et al.,

               Defendants.

No.   CV 14-8141-PCT-DGC (MEA)

**ORDER**

Plaintiff Anthony L. Rodrigues, who is confined in the Arizona State Prison Complex-Kingman in Kingman, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2).  The Court will dismiss the Complaint with leave to amend.

**I.**    **Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee.  *Id.*  The statutory filing fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . . .

. . . .

## II.        Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

1    If the Court determines that a pleading could be cured by the allegation of other
2    facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal
3    of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).
4    Plaintiff's Complaint will be dismissed for failure to state a claim, but because it may
5    possibly be amended to state a claim, the Court will dismiss it with leave to amend.

6    **III.    Complaint**

7    Plaintiff alleges seven counts against Defendants Charles L. Ryan, Director of the
8    Arizona Department of Corrections ("ADOC"); R. Scott Marquardt, President and CEO
9    of Management Training Corporation ("MTC"); Tara R. Diaz, Director of Contract Beds
10   Bureau-Arizona Department of Corrections; and P. Rider, Warden of the Arizona State
11   Prison Complex-Kingman.

12   In Count One, Plaintiff asserts a claim against Defendant Ryan in his individual
13   and official capacity for a violation of Plaintiff's rights under the Fifth, Eighth, and
14   Fourteenth Amendments, and the Americans with Disabilities Act ("ADA").  Plaintiff
15   alleges that Ryan was aware that MTC and ADOC personnel had adopted a written
16   policy imposing disciplinary sanctions "not otherwise inclusive of ADOC earned
17   incentive program (EIP) phase level privileges subject to non-discretionary loss or
18   forfeiture for alleged [ADOC policy] violation[s]."  While not entirely clear, Plaintiff
19   appears to assert that the alleged policy took away certain of his "state created liberties" –
20   including participation in federally subsidized education programs and earned release
21   credits – without notice or an opportunity to be heard.  Plaintiff alleges that Ryan showed
22   deliberate indifference to significant hardships that Plaintiff endured as a result of this
23   policy, including loss of educational opportunities and reassignment to housing that
24   exposed Plaintiff to conditions that aggravated his pre-existing chronic medical
25   condition.  Plaintiff alleges that he suffered "emotional trauma, mental anguish, medical
26   complications involving hospitalization, loss of physical and emotional wellness and the
27   enjoyment of quality life/free of discrimination."

28   . . . .

1       In Count Two, Plaintiff asserts a second claim against Defendant Ryan in his
2   individual and official capacity for violation of Plaintiff's rights under the Fifth, Eighth,
3   and Fourteenth Amendments, and the ADA.   Plaintiff alleges that Ryan knew that
4   Plaintiff suffered from a chronic medical condition that qualified as a disability under the
5   ADA yet denied Plaintiff's request for alternative housing and reasonable
6   accommodation, thus exposing Plaintiff to elevated levels of stress, airborne
7   contaminants, overcrowding, extreme fluctuations in temperature, and second-hand
8   smoke.   Plaintiff further alleges that Ryan's failure to enforce ADOC policies and
9   compliance with the ADA deprived Plaintiff of participation in federally subsidized
10  education programs.   Plaintiff appears to allege that he suffered these losses as a
11  disciplinary response to conduct he claims was the result of medications he used to treat
12  his disability.   Plaintiff alleges that he suffered a variety of physical and emotional
13  injuries, including medical complications that required hospitalization.

14      In Count Three, Plaintiff asserts a claim against Defendant R. Scott Marquardt in
15  his individual and official capacity for violation of Plaintiff's rights under the Fifth,
16  Eighth, and Fourteenth Amendments, and the ADA.   Plaintiff alleges nearly identical
17  facts in Count Three against Marquardt to those alleged in Count One against Ryan,
18  namely that Marquardt was aware that MTC personnel had adopted a written policy
19  imposing "non-discretionary disciplinary sanctions" that deprived Plaintiff of certain
20  alleged "liberty interests" in educational programs, leave credits, and assigned housing,
21  the last of which resulted in his exposure to preventable environmental stresses and
22  contaminants – all without notice or a hearing.   Plaintiff alleges that Marquardt failed to
23  monitor, supervise, or ensure the proper training of MTC staff to prevent these losses.
24  Plaintiff alleges that he suffered emotional trauma and mental and physical
25  complications, including hospitalization.

26      In Counts Four and Five, Plaintiff asserts claims against Defendant Tara Diaz in
27  her individual and official capacity for violation of Plaintiff's rights under the Fifth,
28  Eighth, and Fourteenth Amendments, and the ADA.   Plaintiff makes nearly identical

allegations against Diaz to those made in Counts One and Two against Ryan.  In Count Four, Plaintiff alleges that Diaz was aware that MTC staff had a written policy leading to the loss of Plaintiff's "liberty interests" in educational programs, leave credits, and housing without notice or a hearing, but she failed "to take corrective action and monitor, supervise[,] and ensure the proper training" of these individuals.  In Count Five, Plaintiff alleges that Diaz knew or should have known that Plaintiff suffered from a chronic medical condition recognized by the ADA, yet she denied his request for alternative housing and reasonable accommodation.  In both counts, Plaintiff re-alleges that he suffered emotional trauma and mental and physical complications, including hospitalization.

In Counts Six and Seven, Plaintiff asserts claims against Defendant P. Rider in her individual and official capacity for violation of Plaintiff's rights under the Fifth, Eighth, and Fourteenth Amendments, and the ADA.  Again, Plaintiff asserts nearly identical allegations with respect to Rider as to those made in Counts One and Two against Ryan. In Count Six, Plaintiff alleges that MTC personnel enforced a written policy leading to the loss of Plaintiff's alleged "liberty interests" in educational programs, leave credits, and housing without notice or a hearing, but Rider failed "to monitor, supervise or take corrective action to ensure the proper training" of these individuals.  In Count Seven, Plaintiff alleges that Rider knew that Plaintiff suffered from a chronic medical condition recognized by the ADA yet denied his request for alternative housing and reasonable accommodation.  In both counts, Plaintiff re-alleges that he suffered emotional trauma and mental and physical complications, including hospitalization.

Plaintiff seeks declaratory relief as to all Defendants, finding that they jointly and severally violated his right to due process and equal protection and his right to be free from cruel and unusual punishment, specifically by denying his requests for reasonable accommodation pursuant to the ADA.  Plaintiff also seeks injunctive relief requiring Defendants to discontinue current policy, compensatory damages in an amount to be determined, punitive damages of $4,000,000, and attorney fees and costs.

**IV.     Failure to State a Claim under § 1983**

        To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

        **A.     Defendant Ryan**

        Plaintiff fails to state a § 1983 claim against Defendant Ryan.  "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual to be liable in his official capacity, a plaintiff must allege injuries resulting from a policy, practice, or custom of the agency over which that individual has final policy-making authority.  *See Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002).  Further, there is no respondeat superior liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable.  *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).  A supervisor in his individual capacity "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Taylor*, 880 F.2d at 1045.

        To the extent that Plaintiff seeks to sue Ryan in his official capacity as Director of ADOC, Plaintiff must allege facts showing that ADOC's policy or custom lead to the alleged violations.  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).  Plaintiff alleges that ADOC and MTC personnel adopted a "written policy" that lead to deprivations of his

alleged liberty interests.  More specifically, Plaintiff appears to allege that he suffered disciplinary sanctions pursuant to "ADOC policy 809."  Plaintiff's statements about the substance of this alleged policy, however, are vague and largely incomprehensible. Moreover, Plaintiff fails to allege any facts showing in short, plain terms what happened. Absent further factual detail, Plaintiff's mere statements that he was deprived of certain liberty interests as a result of an ADOC policy are insufficient to state a claim.  *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Accordingly, Plaintiff's § 1983 claims against Ryan in his official capacity will be dismissed.

To the extent that Plaintiff attempts to sue Ryan in his personal capacity, Plaintiff also fails to state a claim.  Plaintiff does not allege that Ryan participated in or directed the alleged violations, or that he knew of the violations and failed to act to prevent them. Accordingly, Plaintiff's § 1983 claims against Ryan in his personal capacity will be dismissed.

**B.     Other Defendants**

For the same reasons discussed above with respect to Defendant Ryan, Plaintiff fails to state a claim against Defendants Marquardt, Diaz, or Rider, either in their official or personal capacities.

To the extent that Plaintiff attempts to sue Defendant Marquardt in his official capacity as President and CEO of MTC, Plaintiff alleges that Marquardt knew MTC personnel had adopted a "written policy" that led to the deprivation of certain of Plaintiff's alleged liberty interests.  Plaintiff once again fails to provide an intelligible description of this policy, however, or to allege any facts showing in short, plain terms what occurred to deprive him of his rights.

To the extent that Plaintiff attempts to sue Defendant Marquardt in his personal capacity, Plaintiff alleges that Marquardt failed "to monitor, supervise[,] and ensure the proper training of MTC staff responsible for the management and enforcement of ADOC Policy."  Plaintiff fails, however, to allege any facts showing that Marquardt "knew of the

1  violations [against Plaintiff] and failed to act to prevent them." *Taylor*, 880 F.2d at 1045.

2  Accordingly, Plaintiff's § 1983 claims against Marquardt in his personal capacity will be

3  dismissed.

4          As to Defendants Diaz and Rider, Plaintiff fails to allege any additional facts

5  regarding the alleged ADOC and MTC policy that would cure the deficiencies noted

6  above.   Additionally, although Plaintiff alleges generally that he was deprived of his

7  ability to participate in federally funded educational programs; he lost "release credits";

8  and he was reassigned to less-desirable housing – all without notice or a hearing – he fails

9  to allege specific actions on the parts of either Defendant or to allege any facts showing

10  that either Defendant was made aware of these alleged violations and failed to act to

11  prevent them.   Accordingly Plaintiff has failed to state claims against Diaz and Rider in

12  either their official or individual capacities.   Plaintiff's § 1983 claims against these

13  Defendants will be dismissed.

14  **V.      Failure to State a Claim under the ADA**

15          Plaintiff asserts violation of the ADA against all Defendants.   Under Title II of the

16  ADA, "no qualified individual with a disability shall, by reason of such disability, be

17  excluded from participation in or be denied the benefits of the services, programs, or

18  activities of a public entity, or be subjected to discrimination by any such entity." 42

19  U.S.C. § 12132.   A "public entity" is "any State or local government; [or] (B) any

20  department, agency, special purpose district, or other instrumentality of a State or States

21  or local government. . . ." 42 U.S.C. § 12131.   Individuals, however, may *only* be sued

22  under the ADA in their official, rather than, their individual capacities.   *Vinson v.*

23  *Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) (plaintiff cannot sue state officials in their

24  individual capacities to vindicate rights created by Title II of the ADA).   To state an

25  ADA claim, a plaintiff must allege facts to support that he: "(1) is a handicapped person;

26  (2) that he is otherwise qualified; and that [prison officials'] actions either (3) excluded

27  his participation in or denied him the benefits of a service, program, or activity; or

28  (4) otherwise subjected him to discrimination on the basis of his physical handicap."

*Duffy v. Riveland*, 98 F.3d 447, 455 (9th Cir. 1996).  The term "qualified individual with a disability" includes "an individual with a disability who, with or without . . . the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2).

### A.    Defendant Ryan

Plaintiff fails to state a claim under the ADA as to Defendant Ryan.  Plaintiff alleges in Count Two that Ryan "knew Plaintiff suffered from a chronic medical condition recognized by ADOC Policy as a qualifying disability subject to [the ADA] and denied Plaintiff's request for alternative housing reassignment and reasonable accommodation."  He further alleges that Ryan based this denial on the absence of medical necessity rather than disability.  Plaintiff appears to allege that Ryan applied the wrong standard for responding to a request for reasonable accommodation under the ADA.  Nowhere, however, does Plaintiff allege facts showing that he has a qualifying disability under the ADA.  Neither does Plaintiff allege facts showing that he was excluded from a program or denied services based on disability.  Plaintiff alleges that he was deprived of benefits – including his preferred housing assignment and participation in educational programs – and that these losses were due to conduct related to the medications he took for his disability.  But Plaintiff fails to provide any facts about his conduct and how it resulted in his alleged deprivations or to show any connection between his conduct, the medications, and his disability.  Absent additional facts showing that Plaintiff had a disability and was otherwise qualified for the benefits he allegedly lost, Plaintiff fails to state a claim under the ADA.  Accordingly, Plaintiff's ADA claim against Ryan will be dismissed.

### B.    Remaining Defendants

For the same reasons cited above, Plaintiff fails to state a claim under the ADA as to Defendants Marquardt, Diaz, and Rider.  Plaintiff alleges similar facts in Counts Five and Seven against Diaz and Rider as to those alleged against Ryan in Count Two.  But

Plaintiff fails to allege additional facts anywhere in his Complaint showing that he has a disability or showing that he was denied services for which he was otherwise qualified simply because of that disability.  Accordingly, Plaintiff fails to state a claim under the ADA as to any Defendant, and his ADA claims against Marquardt, Diaz, and Rider will be dismissed.

## VI.   Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

## VII.   Warnings

### A.   Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he

intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.      Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.      Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.      Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E.      Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)      Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 17th day of November, 2014.

David G. Campbell
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.  The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7. Change of Address.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. Certificate of Service.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  See Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>            Attorney for Defendant(s)
>
> _____
> (Signature)

9. Amended Complaint.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  See Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. Exhibits.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,  )
(Full Name of Plaintiff)             )
      Plaintiff,                 )
                        )
      vs.                        )   **CASE NO.** _____
                        )         (To be supplied by the Clerk)
(1) _____ ,  )
(Full Name of Defendant)             )
(2) _____ ,  )
                        )   **CIVIL RIGHTS COMPLAINT**
(3) _____ ,  )   **BY A PRISONER**
                        )
(4) _____ ,  )   ☐ Original Complaint
         Defendant(s).              )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )   ☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:

    ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983

    ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

    ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____.  The first Defendant is employed as:
_____at_____.
                    (Position and Title)                                              (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:
_____at_____.
                    (Position and Title)                                              (Institution)

3.   Name of third Defendant: _____.  The third Defendant is employed as:
_____at_____.
                    (Position and Title)                                              (Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed as:
_____at_____.
                    (Position and Title)                                              (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   b.  Second prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

   c.  Third prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
      _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.

☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer      ☐ Threat to safety  ☐ Other: _____

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies:**

a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes   ☐ No

b.   Did you submit a request for administrative relief on Count I?      ☐ Yes   ☐ No

c.   Did you appeal your request for relief on Count I to the highest level?      ☐ Yes   ☐ No

d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

**COUNT II**

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.

☐ Basic necessities            ☐ Mail            ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings     ☐ Property        ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**

   a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your
         institution?                                                        ☐ Yes    ☐ No
   b.    Did you submit a request for administrative relief on Count II?      ☐ Yes    ☐ No
   c.    Did you appeal your request for relief on Count II to the highest level?  ☐ Yes    ☐ No
   d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
         did not. _____
         _____.

4

**COUNT III**

1.  State the constitutional or other federal civil right that was violated: _____
    _____.

2.  **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities          ☐ Mail            ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

    _____
    _____
    _____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your
        institution?                                                          ☐ Yes   ☐ No
    b.  Did you submit a request for administrative relief on Count III?       ☐ Yes   ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?  ☐ Yes   ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not. _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                              DATE                                          SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.