ASH

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony L. Rodrigues,<br><br>              Plaintiff,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>             Defendants. | No.  CV 14-8141-PCT-DGC (ESW)<br><br>**ORDER** |

On August 8, 2014, Plaintiff Anthony L. Rodrigues, who is confined in the Arizona State Prison Complex-Kingman in Kingman, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a November 17, 2014 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On December 12, 2014, Plaintiff filed his First Amended Complaint. In a March 18, 2015 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On April 20, 2015, Plaintiff filed a Second Amended Complaint (Doc. 15). The

TEMPSREF

Court will order all Defendants to answer Count Two of the Second Amended Complaint, and will dismiss the remaining claims without prejudice.

## I.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338,

**TEMPSREF**

- 2 -

342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

## II.  Second Amended Complaint

In his two-count Second Amended Complaint, Plaintiff names as Defendants: Charles L. Ryan, Director of the Arizona Department of Corrections ("ADOC"); R. Scott Marquardt, President and CEO of Management Training Corporation; Tara R. Diaz, ADOC Contract Beds Bureau Director; and Pamela Rider, Warden at ASPC-Kingman's Hualapai Unit. Plaintiff seeks monetary, injunctive, and declaratory relief, and punitive damages.

Plaintiff's counts are largely intertwined, and are each brought under the Fifth, Eighth, and Fourteenth Amendments, and the Americans with Disabilities Act "(ADA"). Plaintiff styles Count One as relating to his "state created liberty interest[s]," and, in brief, alleges the following: On November 26, 2013, Plaintiff was informed that he was being disciplined for two unexcused absences from a life skills class. As a result, Plaintiff claims that he lost "preferred housing, modification [of] custody and classification score, ability . . . to participate in subsidized volunteer education and program activities, [and] potential loss of earned and temporary release credits." Plaintiff further alleges that these sanctions implicated "state created liberty interests" that could not be taken away without due process. Plaintiff claims, however, that he did not receive notice of the disciplinary violation or an opportunity to be heard prior to the imposition of the above-described sanctions.

Plaintiff styles Count Two as related to a request for "reasonable accommodation." Put briefly, Plaintiff alleges that he has a documented cardiac condition — for which he is receiving treatment — that qualifies as a "disability" under the ADA. However, after the November 26, 2013 disciplinary sanctions were imposed, Plaintiff was, among other things, reassigned to a 2-man bunk near where inmates smoked. Plaintiff further alleges

**TEMPSREF**

- 3 -

that the Defendants are all on notice that — despite ADOC policies and notices prohibiting indoor smoking — inmates often smoke near Plaintiff's new bunk. As a result, Plaintiff has been hospitalized at least twice due to second hand smoke. Plaintiff further alleges that he has sought a "reasonable accommodation" — specifically, that he be reassigned to a new bunk away from the smoking — from Defendants since at least January 2, 2014, but that he was not moved to a new bunk — apparently away from the smoking — until June 2014.

### III. Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Although styled as related to "state created liberty interests," Plaintiff's principal allegation is that he did not receive the process he believed he was due prior to the imposition of sanctions. Plaintiff's claim is, therefore, more properly styled as a violation of his due process rights under the Fourteenth Amendment. Accordingly, to the extent Plaintiff seeks relief under the Fifth and Eighth Amendments, as well as under the ADA, his claim will be dismissed.

In analyzing a due process claim, the Court must first decide whether Plaintiff was entitled to any process, and if so, whether he was denied any constitutionally required procedural safeguard. Liberty interests which entitle an inmate to due process are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its

**TEMPSREF**

own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted).

To determine whether an inmate is entitled to the procedural protections afforded by the Due Process Clause, the Court must look to the particular restrictions imposed and ask whether they "'present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.'" *Mujahid v. Meyer*, 59 F.3d 931, 932 (9th Cir. 1995) (quoting *Sandin*, 515 U.S. at 486). "Atypicality" requires not merely an empirical comparison, but turns on the importance of the right taken away from the prisoner. *See Carlo v. City of Chino*, 105 F.3d 493, 499 (9th Cir. 1997). To determine whether the sanctions are atypical and a significant hardship, courts look to prisoner's conditions of confinement, the duration of the sanction, and whether the sanction will affect the duration of the prisoner's sentence. *See Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996).

Plaintiff was not entitled to any due process procedural protections because he has failed to demonstrate that any of the sanctions imposed were "atypical and significant hardships." Plaintiff alleges that he lost "preferred housing, modification [of] custody and classification score, ability . . . to participate in subsidized volunteer education and program activities, potential loss of earned and temporary release credits," and that he was moved to a new bunk (from which he was subsequently reassigned to a new bunk approximately six months later). None of these sanctions, however, are atypical and significant hardships. *See Sandin*, 515 U.S. at 475-76, 487 (30 days' disciplinary segregation is not atypical and significant); *Smith v. Mensinger*, 293 F.3d 641, 654 (3rd Cir. 2002) (seven months of disciplinary confinement "does not, on its own, violate a protected liberty interest"); *Jones v. Baker*, 155 F.3d 810 (6th Cir. 1998) (two and one-half years' administrative segregation is not atypical and significant); *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (prison authorities may change a prisoner's "place of

**TEMPSREF**

confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another" without violating a prisoner's due process rights); *Lucero v. Russell*, 741 F.2d 1129 (9th Cir. 1984) (administrative transfer to maximum security without a hearing does not infringe on any protected liberty interest).

Furthermore, to the extent Plaintiff complains that he lost any earned or temporary release credits, such a claim is foreclosed in a § 1983 suit because judgment in favor of Plaintiff regarding the denial of due process in a prison disciplinary proceeding would invalidate the deprivation of good time credits. *Heck v. Humphrey*, 512 U.S. 477 (1994); *Edwards v. Balisok*, 520 U.S. 641 (1997). "[A] state prisoner seeking injunctive relief against the denial or revocation of good-time credits must proceed in habeas corpus, and not under § 1983." *Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002). Because Plaintiff has not demonstrated that his prison disciplinary proceeding has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus, this claim is barred by *Heck*.

Accordingly, Plaintiff has failed to state a claim against any named Defendant in Count One.

**IV.    Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has sufficiently alleged both an Eighth Amendment and an ADA claim against all Defendants in Count Two, and the Court will require an Answer to that Count. However, Count Two will be dismissed to the extent Plaintiff seeks relief under the Fifth and Fourteenth Amendments, for the reasons set forth in part Part III, *supra*.

**V.    Warnings**

    **A.    Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court

**TEMPSREF**

- 6 -

that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed *in forma pauperis*. Failure to comply may result in dismissal of this action.

### B. Address Changes

If Plaintiff's address changes, Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Count One is **dismissed** without prejudice.

(2) All Defendants must answer Count Two, as set forth above.

(3) The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint (Doc. 15), this Order, and both summons and request for waiver forms for Defendants.

**TEMPSREF**

(4)  Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5)  If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Second Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(6)  The United States Marshal must retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use.

(7)  The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

   (a)  personally serve copies of the Summons, Second Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

   (b)  within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works.  Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

**TEMPSREF**

- 8 -

upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **A Defendant who agrees to waive service of the Summons and Second Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendants must answer the Second Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(11) This matter is referred to Magistrate Judge Eileen S. Willett pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 20th day of July, 2015.

_____
David G. Campbell
United States District Judge

**TEMPSREF**