WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony L. Rodrigues,<br><br>              Plaintiff,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>              Defendants. | No. CV-14-08141-PCT-DGC (ESW)<br><br>**ORDER** |

Plaintiff Anthony L. Rodrigues is a pro se prisoner currently confined in the Arizona State Prison Complex-Corrections Corporation of America's ("CCA") Red Rock Correctional Center ("RRCC") in Eloy, Arizona. On April 20, 2015, Plaintiff filed a Second Amended Complaint alleging a violation of his civil rights pursuant to 42 U.S.C. § 1983. (Doc. 15). Plaintiff's Second Amended Complaint involves his incarceration at Arizona State Prison Complex-Kingman. The Court ordered Defendants to answer Count Two and dismissed all other claims. (Doc. 16 at 7). All Defendants have timely answered or responded and all issues are joined. (Docs. 27, 29, 66).

Plaintiff also filed a Motion for Preliminary Injunction and Emergency Temporary Restraining Order (Docs. 21, 22) to which Defendants filed their Opposition to Plaintiff's Request for Preliminary Injunction and Temporary Restraining Order (Doc. 26).

Plaintiff's Request for Preliminary Injunction and Temporary Restraining Order involves his incarceration at RRCC.

Several motions are deemed ripe for consideration and are discussed below.

## DISCUSSION

**I. "Defendants Ryan and Diaz's Motion to Permit Supplemental Briefing on Defendants' Opposition to Plaintiff's Request for Preliminary Injunction and Temporary Restraining Order [Docs. 21, 22, 26]." (Doc. 31)**

Defendants Ryan and Diaz request the opportunity to supplement their responsive briefing to specifically address the conditions of confinement at RRCC, the facility in which Plaintiff is currently housed. In his Motion for Preliminary Injunction and Emergency Temporary Restraining Order (Docs. 21 and 22), Plaintiff alleges that his conditions of confinement at RRCC violate his Eighth Amendment protection against cruel and unusual punishment due to Plaintiff's exposure to second-hand smoke. Plaintiff also alleges a Fourteenth Amendment due process violation, stating that RRCC is denying Plaintiff access to legal materials and the Courts. Information concerning the conditions of Plaintiff's confinement at RRCC is clearly relevant to a full consideration of the injunctive relief requested. Rule 26(b)(1), Fed. R. Civ. P. ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."); *see also Amor v. Arizona*, No. CV-06-499-TUC-CKJ, 2010 WL 960379 at *15 (D. Ariz. March 15, 2010) ("Defendants have the right to defend against allegations in a court of law."). However, Plaintiff objects to the request to supplement because (i) he did not receive a copy of Defendants' Motion (Doc. 31) and (ii) the Motion is "overly broad and generalized." (Doc. 34 at 2).

The Court finds that Defendants mailed Plaintiff a copy of the Defendants' request to supplement at Plaintiff's address of record. *See* Defendants' Notice of Mailing (Doc. 36). More than sufficient time has passed to allow Plaintiff to review the document. In addition, supplemental briefing will assist the Court in deciding the issues raised by Plaintiff.

Therefore, for good cause shown, the Court will grant Defendants Ryan and Diaz's Motion to Permit Supplemental Briefing (Doc. 31).

**II. "Plaintiffs' [sic] Motion to Strike Defendant(s) Opposition to Request for Preliminary Injunction and TRO" (Doc. 41)**

Plaintiff asks the Court to strike Defendants' Opposition to Plaintiff's Request for Preliminary Injunction and Temporary Restraining Order (Doc. 26) because Plaintiff did not receive the document until October 28, 2015. Defendants' Opposition (Doc. 26) was filed on October 5, 2015. Plaintiff argues that he received Defendants' Opposition (Doc. 26) after response time pursuant to Rule 6, Fed. R. Civ. P., had run, precluding Plaintiff from filing a response.

As Defendants' Notice of Mailing (Doc. 36) reflects, Defendants mailed Plaintiff a copy of Defendants' Opposition to Request for Preliminary Injunction and Temporary Restraining Order (Doc. 26). Plaintiff, in fact, received Defendants' Opposition. Delayed receipt of Defendants' Opposition is not a basis to strike Defendants' Opposition. Pursuant to Rule 65, Fed. R. Civ. P., Plaintiff has filed a Motion for Preliminary Injunction and Temporary Restraining Order (Docs. 21, 22). Defendants have responded. Rule 6, Fed. R. Civ. P., does not provide Plaintiff with the opportunity to respond to a response. If Plaintiff wanted to file a reply, he certainly could have done so after service of Defendants' Opposition as reflected in Defendants' Notice of Mailing (Doc. 36). *See* LRCiv 7.2(d) ("The moving party . . . shall have seven (7) days after service of the responsive memorandum to file a reply memorandum if that party so desires.") Instead, Plaintiff chose to file a Motion to Strike. "[A] motion to strike may be filed only if it is authorized by statute or rule, such as Federal Rules of Civil Procedure 12(f), 26(g)(2), or 37(b)(2)(A)(iii), or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." LRCiv 7.2(m). Plaintiff cites the Court to no rule or statute which authorizes his Motion to Strike. Nor does the Court find such relief appropriate in this case.

No prejudice has inured to Plaintiff.  Plaintiff has filed "Supplemental Exhibits in Support of Motion for Preliminary Injunction and Temporary Restraining Order" (Doc. 32).  He has had the opportunity to brief his position (Docs. 21, 22, 32).  In addition, the Court will grant Defendants the opportunity to supplement their Opposition.  When Defendants file the supplement to their Opposition, Plaintiff may file a reply pursuant to LRCiv 7.2(d).  Therefore, Plaintiff's Motion to Strike (Doc. 41) will be denied.

**III.   "Plaintiff's Notice of Default Service By Mail of Defendant Ryan and Diaz Motion to Dismiss" (Doc. 39)**

Plaintiff alerts the Court in his "Notice of Default Service by Mail" that Plaintiff had not been served with Defendants Ryan and Diaz's Motion to Dismiss (Doc. 29) at the time Plaintiff received the Court's Order (Doc. 33) setting a date by which Plaintiff must file his response to Defendants' Motion to Dismiss.  The Plaintiff's document is not a proper motion.  Plaintiff cannot request relief from the Court through the filing of a "Notice."  *See* Rule 7(b)(1), Fed. R. Civ. P. ("A request for a court order must be made by motion.").  Nor can Plaintiff supplement a pleading or motion through the filing of a "Notice."

In addition, the information Plaintiff seeks to convey is now moot.  Plaintiff received Defendants' Motion to Dismiss (Doc. 29) and filed a response (Doc. 43).

The Court will take no action regarding Plaintiff's "Notice of Default Service by Mail of Defendant Ryan and Diaz Motion to Dismiss" (Doc. 39).

**IV.   "Plaintiff's Notice of Siezure [sic] of Trial Preparation Material" (Doc. 38)**

Plaintiff informs the Court in his "Notice of Siezure [sic] of Trial Preparation Material" that RRCC on October 17, 2015 "seized as contraband a package of documents containing trial preparation and discovery material."  (Doc. 38 at 1-2).  Plaintiff references his Motion for Preliminary Injunction and Emergency Temporary Restraining Order (Docs. 21, 22) filed on September 21, 2015.  If Plaintiff intends to supplement his Motion for Preliminary Injunction and Emergency Temporary Order or to raise additional

grounds for relief, he must do so by a proper motion. *See* Rule 7(b)(1), Fed. R. Civ. P. Plaintiff has not requested any relief from the Court. If Plaintiff seeks injunctive relief, he cannot do so by filing a "Notice." *See* Rule 65, Fed. R. Civ. P.  The Court takes no action on Plaintiff's "Notice of Siezure [sic] of Trial Preparation Material." (Doc. 38).

### V. Plaintiff's Motion for Appointment of Counsel (Docs. 47 and 48)

Plaintiff requests the appointment of counsel because (i) the issues in his case are factually and legally complex and involve constitutional law and the Americans with Disability Act in a correctional setting; (ii) Plaintiff's access to case law, local rules of procedure, and legal manuals is limited by his incarceration; and (iii) the discovery process is complicated and contentious involving the credibility of witnesses who include senior staff and corrections officials. In the alternative, Plaintiff requests the appointment of a private investigator to assist Plaintiff with discovery. Plaintiff asserts that his claims are meritorious as they survived screening pursuant to 28 U.S.C. § 1915(A)(a).[1]

There is no constitutional right to the appointment of counsel in a civil case. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991); *Ivey v. Bd of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Agyeman v. Coors. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); s*ee also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer*, 560 F3.d at 970 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

---

[1] The Court ordered Defendants to file a responsive pleading to Count Two of Plaintiff's Second Amended Complaint only as to Plaintiff's Eighth Amendment and ADA claim. (Doc. 16 at 67).

Having considered both elements, the Court finds that Plaintiff has not shown that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff has not demonstrated a likelihood of success on the merits, nor has he shown that he is experiencing difficulty in litigating this case because of the complexity of the issues involved. The issues presented to the Court are not legally complex. *See Wilborn*, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues.") In addition, Plaintiff's filings with the Court, as well as his briefed Motion for Appointment of Counsel, demonstrate the Plaintiff is quite capable of navigating his proceedings, articulating his position, and presenting organized arguments to the Court. Plaintiff remains in a position no different than many pro se prisoner litigants. Having failed to show that any exceptional circumstances are present, Plaintiff's Motion for Appointment of Counsel will be denied.

Regarding Plaintiff's alternative request that the Court "appoint a private investigator to aid and assist the Plaintiff in pre-trial discovery to issue subpoenas, inspect premises to locate and conduct interviews of potential witnesses" (Doc. 47 at 2), the Court will deny the request. Congress has not authorized the expenditure of public funds for the Court appointment of an investigator for a plaintiff proceeding *in forma pauperis* under 28 U.S.C. § 1915. *See Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (citing *United States v. MacCollom*, 426 U.S. 317, 321 (1976)). There is no legal basis to support Plaintiff's request. Nor are there public funds budgeted to subsidize it.

**VI. Plaintiff's Motion for Court Appointed Expert (Docs, 49, 50)**

Plaintiff requests that the Court appoint an "occupational health and safety or equivalent heating, ventalation [sic] and cooling enviromental [sic] engineer to give expert testimony pertaining to the enviromental [sic] conditions that exist in Plaintiff's former and current prison housing areas." (Doc. 49 at 1). Plaintiff also requests that the Court appoint "a medical expert qualified to give testimony pertaining to the adverse

health risk associated with exposure to secondhand enviromental [sic] tobacco smoke (ETS)." (*Id.*) Plaintiff cites the Court to Fed. R. Evid. 706 as well as case law in support of his Motion.

The Court finds that Plaintiff has failed to demonstrate that his case is of such complexity that the judicial appointment of experts is necessary at this stage of the litigation. *See McKinney v. Anderson*, 924 F.2d 1500 (9th Cir.) *vacated on other grounds sub nom. Helling v. McKinney*, 502 U.S. 903 (1991) (district court may exercise its discretion to appoint an expert under Rule 706). Rule 706, Fed. R. Evid., does not authorize the Court to finance for the Plaintiff the expenditure of expert witness fees. Federal Courts are not authorized or required to subsidize a civil action for a plaintiff proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915; *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989); *United States v. MacCollom*, 426 U.S. 317, 321 (1976). Extraordinary circumstances have not been shown to require Defendants to bear such an expense or to authorize the use of non-appropriated funds at this time. *See Geraldes v. Prebula*, No. CIV-S-01-211LKK/EFB, 2012 WL 1355739 (E.D. CA April 18, 2012). Plaintiff's Motion for Court Appointed Expert (Docs. 49 and 50) will be denied.

**VII. Plaintiff's Motion for Reconsideration of Order Denying Service of Subpoenas (Doc. 62)**

On September 21, 2015, Plaintiff filed a Motion for U.S. Marshal to Effect Service of Subpoenas (Doc. 23). The Court by Order of November 25, 2015 deemed the Motion moot as the U.S. Marshals Service executed service as to all Defendants. (Doc. 54). Plaintiff requests reconsideration of the Court's Order so that Plaintiff may serve subpoenas on prison personnel. Plaintiff does indicate to whom his subpoenas are directed or what information he seeks. No specific factual support is presented. All Defendants have been served.

Motions for reconsideration should be granted only in rare circumstances. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "Reconsideration is appropriate if

1  the district court (1) is presented with newly discovered evidence, (2) committed clear
2  error or the initial decision was manifestly unjust, or (3) if there is an intervening change
3  in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d
4  1255, 1263 (9th Cir. 1993).  See also LRCiv 7.2(g)(1) ("The Court will ordinarily deny a
5  motion for reconsideration of an Order absent a showing of manifest error or a showing
6  of new facts or legal authority that could not have been brought to its attention earlier
7  with reasonable diligence").

8       Plaintiff has not presented any basis which warrants reconsideration of the Court's
9  prior Order.  Plaintiff has not presented newly discovered evidence, a change in the law,
10 clear error, or manifest injustice.  Plaintiff has failed to meet his burden of proof.
11 Therefore, his Motion for Reconsideration (Doc. 62) will be denied.

## **CONCLUSION**

13      For all the reasons stated above,

14      **IT IS ORDERED** granting Defendants Ryan and Diaz's Motion to Permit
15 Supplemental Briefing on Defendants' Opposition to Plaintiff's Request for Preliminary
16 Injunction and Temporary Restraining Order (Doc. 31).  Defendants Ryan and Diaz shall
17 file their supplemental briefing no later than January 25, 2016.  Plaintiff may file a reply
18 in accordance with LRCiv 7.2(d).

19      **IT IS FURTHER ORDERED** denying "Plaintiffs' [sic] Motion to Strike
20 Defendant(s) Opposition to Request for Preliminary Injunction and TRO" (Doc. 41).

21      **IT IS FURTHER ORDERED** taking no action on "Plaintiff's Notice of Default
22 Service by Mail of Defendant Ryan and Diaz Motion to Dismiss" (Doc. 39) and
23 "Plaintiff's Notice of Siezure [sic] of Trial Preparation Material" (Doc. 38).

24      **IT IS FURTHER ORDERED** denying Plaintiff's Motion for Appointment of
25 Counsel (Docs. 47, 48).

26      **IT IS FURTHER ORDERED** denying Plaintiff's Motion for Court Appointed
27 Expert (Docs. 49, 50).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Reconsideration (Doc. 62).

Dated this 13th day of January, 2016.

Honorable Eileen S. Willett
United States Magistrate Judge