WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony L Rodrigues,<br><br>    Plaintiff,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Defendants. | No. CV-14-08141-PCT-DGC (ESW)<br><br>**ORDER** |

The Court has reviewed Plaintiff's "Rule 15(d) Motion for Leave to Supplement Original Pleading" (Doc. 139), Plaintiff's "Motion to Compel Discovery" (Doc. 130), and Defendants' "*Expedited* Motion to Quash Plaintiff's Twenty-Two Subpoenas to Third Parties" (Doc. 161). The Court rules on the Motions as set forth herein.

**A. Plaintiff's "Rule 15(d) Motion for Leave to Supplement Original Pleading" (Doc. 139)**

On June 17, 2016, Plaintiff filed a Motion (Doc. 139) seeking leave to "supplement the original pleading" pursuant to Rule 15(d) of the Federal Rules of Civil Procedure. In conjunction with the Motion, Plaintiff lodged a "Supplemental Civil Rights Complaint" (Doc. 140) that is written on the Court's civil rights complaint form. The "Supplemental Civil Rights Complaint" names additional defendants not named in the Second Amended Complaint, sets forth a third count for relief not previously raised, and contains substantial amendments to Counts I and II. Defendants oppose Plaintiff's Motion, contending that it "is actually a defective motion to amend" Plaintiff's Second

Amended Complaint (Doc. 15). (Doc. 150 at 1). In his Reply, Plaintiff asserts that his Motion was properly brought pursuant to Rule 15(d) because the Second Amended Complaint was filed "prior to the Plaintiff having exhausted administrative remedies in the first of two (2) ADOC inmate grievances, the events of which give rise to the subject matter set forth in Plaintiff's supplemental pleading." (Doc. 162 at 3).

A supplemental complaint is different than an amended complaint. Amended pleadings under Rule 15(a) "relate to matters that occurred prior to the filing of the original pleading, and entirely replace the earlier pleading." 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1504 (3d. ed. 1998). In contrast, supplemental pleadings under Rule 15(d) "deal with events subsequent to the pleading to be altered and represent additions to or continuations of the earlier pleadings." *Id*.

Plaintiff's proposed "Supplemental Civil Rights Complaint" (Doc. 140) not only adds claims occurring after the April 20, 2015 Second Amended Complaint (Doc. 15), but contains substantial and material amendments to claims and allegations occurring before the Second Amended Complaint was filed. As such, the "Supplemental Civil Rights Complaint" is not a supplement, but a wholesale amendment of the Second Amended Complaint. Accordingly, the Court deems Plaintiff's Motion (Doc. 139) as a motion to amend the Second Amended Complaint (Doc. 15) pursuant to Federal Rule of Civil Procedure 15(a).

On October 23, 2015, pursuant to Federal Rule of Civil Procedure 16(b), the Court issued a Scheduling Order (Doc. 25). The Court set November 23, 2015 as the deadline for filing a motion to amend the Second Amended Complaint (Doc. 15). (Doc. 35 at 3). A Rule 16 scheduling order may be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Once a district court has filed a Rule 16 scheduling order setting a deadline for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b) and only secondarily by Rule 15(a).[1] *Johnson*, 975 F.2d at

---

[1] Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that, except in

607-09 ("A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15."); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). The standards of review under Rules 15 and 16 are markedly different. "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d. at 609. Although prejudice to the opposing party can be an additional reason to deny a motion to amend under Rule 16, the focus of the inquiry is on the movant's reasons for seeking modification. *Id*. If the movant "was not diligent, the inquiry should end." *Id.*

In addition, Ninth Circuit case law supports a district court's denial of a motion filed after the applicable scheduling order deadline on the ground that the movant did not request to modify the deadline. *Johnson*, 975 F.2d at 608 ("Johnson did *not* specifically request that the court modify its scheduling order; he merely moved to amend his complaint. He points out that some courts have considered a motion to amend the complaint as a motion to amend the scheduling order and the court's denial of that motion a denial of a motion to amend the scheduling order. . . . We have suggested the contrary."); *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985) (holding that a district court properly denied a motion as untimely where it was filed after the applicable scheduling order deadline and the movant "never requested a modification" of the scheduling order), *superseded by statute on other grounds as recognized in Simpson v. Lear Astronics Corp.,* 77 F.3d 1170 (9th Cir. 1996); *Dedge v. Kendrick*, 849 F.2d 1398, 1398 (11th Cir. 1988) (holding that a district court properly denied a motion as untimely where the motion was filed after the deadline set forth in the scheduling order and the movant did not request a modification of the scheduling order).

---

circumstances not present in this case, "a party may amend its pleading only with the opposing party's written consent or the court's leave," which "[t]he court should freely give . . . when justice so requires."

Plaintiff filed his Motion (Doc. 139) almost seven months after the November 23, 2015 deadline for filing motions to amend the complaint and to join additional parties. (Doc. 35 at 3). The Motion may be denied solely on the basis that it is untimely. *Johnson*, 975 F.2d at 608; *U.S. Dominator, Inc.*, 768 F.2d at 1104; *Dedge*, 849 F.2d at 1398. Denial of the Motion is warranted even if it is deemed as a de facto motion to modify the Scheduling Order. Because the Motion was filed after the deadline, Plaintiff cannot "appeal to the liberal amendment procedures afforded by Rule 15; his tardy motion [has] to satisfy the *more stringent* 'good cause' showing required under Rule 16." *AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946, 952 (9th Cir. 2006) (emphasis in original). Plaintiff has failed to show the diligence and good cause necessary for the Court to deviate from its Rule 16 Scheduling Order.

Further, LRCiv 15.1 requires a party moving to amend a complaint to file a copy of the amended pleading indicating "in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." The District Court of Arizona routinely denies parties the opportunity to amend a complaint for failure to comply with LRCiv 15.1. *See, e.g., Bivins v. Ryan*, No. CV–12–1097–PHX–ROS (LOA), 2013 WL 321847, at *4 (D. Ariz. Jan. 28, 2013); *Huminski v. Heretia*, No. CV11-0896-PHX-DGC, 2011 WL 2910536, at *1 (D. Ariz. July 18, 2011); *Miles v. King*, No. CV-13-370-PHX-SRB (LOA), 2013 WL 5526997 (D. Ariz. Oct. 7, 2013). Plaintiff has failed to comply with LRCiv 15.1, and that failure serves as another basis for denying Plaintiff's Motion (Doc. 139).

For the above reasons, Plaintiff's "Rule 15(d) Motion for Leave to Supplement Original Pleading" (Doc. 139) is denied with leave to file a motion to supplement the Second Amended Complaint (Doc. 15) pursuant to Federal Rule of Civil Procedure 15(d). If Plaintiff chooses to file the motion, Plaintiff shall attach to the motion a proposed supplemental pleading that contains only claims arising after April 20, 2015. Plaintiff is cautioned that "[w]hile leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action" that should

have been the subject of a separate suit. *Planned Parenthood of Southern Arizona v. Neely,* 130 F.3d 400, 402 (9th Cir. 1997).

**B. Plaintiff's "Motion to Compel Discovery" (Doc. 130)**

Rule 37.1 of the Local Rules of Civil Procedure ("LRCiv") requires a party moving for an order compelling discovery to "set forth, separately from a memorandum of law, the following in separate, distinct, numbered paragraphs:

> (1) the question propounded, the interrogatory submitted, the designation requested or the inspection requested;
>
> (2) the answer, designation or response received; and
>
> (3) the reason(s) why said answer, designation, or response is deficient."

LRCiv 37.1(a). A district court's local rules are not petty requirements, but have "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (citation omitted). The Ninth Circuit has made clear that a pro se litigant must "abide by the rules of the court in which he litigates." *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007).

In his June 9, 2016 Motion, Plaintiff seeks an order compelling the production of a number of documents from Defendant Ryan and various non-parties:

> Any and all grievance related documents w/ attachments . . . related to each and every administrative grievance filed by [Plaintiff] for the period beginning September 2010 to present. The ADOC monthly statistical report and fiscal year assessment for ADOC grievance process for the previous 48 months. A copy of Dept. Order 802 w/ attachments.
>
> A complete copy of Arizona Department of Corrections Contract AD09-010-A3. A complete unredacted copy of the State of Arizona Department of Corrections July 2015 Arizona State Prison Complex Kingman Riot Assessment w/ Exhibits. A complete organizational chart w/ job discription [sic] for all persons by name and the title under your immediate supervision at ASPC Kingman for the period beginning 2/2012 to 7/2015.
>
> Any and all patient medical records . . . relating or pertaining to [Plaintiff] . . . . ADOC Dept. Order 1101-1105 and ADOC Health Services Technical Manual.
>
> Each and every annual inspection or compliance related

>performance audit of prison operations conducted at the State of Arizona Department of Corrections Arizona State Prison Complex Kingman for the period beginning February 2012 to present . . . .

(Doc. 130 at 2). In his "Memoranda of Points and Authorities in Support of Motion to Compel," Plaintiff states that the parties attempted to resolve "a number of disputes pertaining to the production of records, documents and information in the possession of the State of Arizona Department of Corrections officials . . . ." (Doc. 131 at 3). Plaintiff further states that "although the Plaintiff voluntarily modified or withdrew a number of objectionable request [sic] in the hope of demonstrating good faith the parties could not come to a [sic] agreement on a number of remaining issues . . . ." (*Id*.). Plaintiff does not detail the responses received to his requests and the reasons why such responses are deficient in separate, distinct, numbered paragraphs. The Court finds that Plaintiff's Motion to Compel (Doc. 130) and accompanying "Memoranda" (Doc. 131) fails to comply with LRCiv 37.1. This failure alone supports the denial of Plaintiff's Motion to Compel.

Moreover, in their Response (Doc. 148 at 4), Defendants state that on June 10, 2016, Defendants complied with Plaintiff's request for "[a]ny and all grievance related documents w/ attachments . . . related to each and every grievance" filed by Plaintiff. Defendants also state that on June 22, 2016, Defendants complied with Plaintiff's request for "[a]ny and all patient medical records" pertaining to Plaintiff. (*Id*. at 7). Plaintiff's Reply (Doc. 152) does not dispute the sufficiency of Defendants' production of those documents.

Finally, there is only one claim at issue in this case: whether Defendants were deliberately indifferent to Plaintiff's alleged medical need to be in a smoke-free environment. (Doc. 104 at 9-11, 13-14). After considering the factors set forth in Fed. R. Civ. P. 26(b)(1), the Court concludes that the documents that Defendants and non-parties have not produced to Plaintiff are not relevant and are not proportional to the needs of the case.

For the above reasons, Plaintiff's Motion to Compel (Doc. 130) is denied. When a court denies a motion to compel, it must order the moving party to pay the opposing party's reasonable expenses. Fed. R. Civ. P. 37(a)(5)(B). Courts may nevertheless decline to award reasonable expenses if the motion was substantially justified or other circumstances make an award of expenses unjust. *Id*. "The indigent status of a party may be a factor in determining whether to award expenses as a sanction for discovery misconduct, but it will not necessarily preclude imposition of the sanction." 2 DISCOVERY PROCEEDINGS IN FEDERAL COURT § 22:31 (3d ed.). Plaintiff filed his Motion (Doc. 130) in part to compel the production of his administrative grievance and medical records. Defendants do not dispute that Plaintiff's grievance and medical records are relevant and proportional to the needs of this case. Defendants provided the records to Plaintiff after Plaintiff filed his Motion to Compel on June 9, 2016. (Doc. 148 at 4, 7). In light of Plaintiff's indigent pro se status and the particular circumstances of this case, the Court finds that the award of expenses would be unjust. Fed. R. Civ. P. 37(a)(5)(B).

Finally, if a motion to compel is denied, Federal Rule of Civil Procedure 37(a)(5)(B) vests broad discretion in district courts to enter any protective order authorized under Rule 26(c). Defendants seek a protective order (i) shielding Defendants and nonparties from Plaintiff's late served discovery requests; (ii) preventing Plaintiff from filing any additional discovery motions; and (iii) preventing Plaintiff from issuing any additional discovery requests or subpoenas. Discovery in this case closed on June 22, 2016. (Doc. 35). As such, the Court finds that Defendants' request for a protective order is moot and is denied.

**C. Defendants' "*Expedited* Motion to Quash Plaintiff's Twenty-Two Subpoenas to Third Parties" (Doc. 161)**

On April 19, 2016, Plaintiff sent a subpoena duces tecum to the State of Arizona Procurement Office for the production of a "complete unredacted copy of Management Training Corporation former Arizona State Prison Complex-Kingman Correctional Services Agreement A09 010 A3 waivers and amendments and vendor response to

ADOC request for proposals (RFP) #130052DC 2013 including appendix." (Doc. 164 at 10-11). In an April 29, 2016 letter to Plaintiff, counsel for the State Procurement Office acknowledged receipt of the subpoena. (*Id*. at 7-8). The letter states that the subpoena was not properly served, but "in light of [Plaintiff's] incarcerated status . . ., the State Procurement Office has agreed to waive service as it relates to this subpoena only." (*Id*. at 7). The letter explains the State Procurement Office's objections to the subpoena on the grounds that it is overly broad and subjects the agency to an undue burden. (*Id*. at 8). However, the letter informed Plaintiff that confirmation is needed as to the specific documents Plaintiff is requesting. (*Id*.). Plaintiff clarified his request in a May 3, 2016 letter. (*Id*. at 6). On May 26, 2016, counsel for the State Procurement Office wrote a letter following up on counsel's April 29, 2016 letter, Plaintiff's subpoena, and Plaintiff's May 26, 2016 letter. (Doc. 164 at 5). Counsel stated that the records Plaintiff requested have been located and are publically available online, but will be provided to Plaintiff in hard copy format as a courtesy given Plaintiff's incarcerated status after review by the Department of Corrections to ensure compliance with ARIZ. REV. STAT. § 31-221. (*Id*.).

On July 28, 2016, counsel for Defendants filed an "Expedited Motion to Quash Plaintiff's Twenty-Two Subpoenas to Third Parties" (Doc. 161). Counsel explains that the Motion "was necessitated when undersigned counsel received notice that the State Procurement Office will produce thousands of pages of proposal and contract documents between Management & Training Company ("MTC") and the State ("Procurement Documents") on August 8th." (*Id*. at 1-2). On August 3, 2016, the State Procurement Office filed a Notice (Doc. 163) indicating that in light of Defendants' Motion to Quash, it will take no further action on the subpoena until otherwise directed by the Court.

The general rule "is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." *Cal. Sportfishing Prot. Alliance v. Chico Scrap Metal,* Inc., 299 F.R.D. 638, 643 (E.D. Cal. Feb. 18, 2014); *see also* 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2459 (3d ed. 2008) ("Ordinarily a party

has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with respect to the documents sought."). Defendants state that the documents Plaintiff has requested will require redactions to be applied by Defendants to remove trade secrets, proprietary or confidential information, as well as information that may endanger the life or physical safety of a person. (Doc. 161 at 3 n.1). Defendants further state that they will be "unduly burdened in reviewing and objecting to thousands of pages of sensitive documents." (*Id*. at 3). To reiterate, the State Procurement Office indicated that the requested documents would be sent to Plaintiff only after the Department of Corrections reviewed the documents to ensure compliance with ARIZ. REV. STAT. § 31-221. (Doc. 164 at 5). The Court finds that Defendants have standing to move to quash the subpoenas directed at non-parties.

In his Response (Doc. 164), Plaintiff only addresses the subpoena sent to the State Procurement Office. The Court finds that the information requested in that subpoena is not relevant and is not proportional to the needs of the case. Moreover, as discovery in this case is closed, the service of the additional subpoenas would be untimely. Defendants' "Expedited Motion to Quash Plaintiff's Twenty-Two Subpoenas to Third Parties" (Doc. 161) is granted.

## II. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** denying Plaintiff's "Rule 15(d) Motion for Leave to Supplement Original Pleading" (Doc. 139).

**IT IS FURTHER ORDERED** granting Plaintiff leave to file a motion to supplement the Second Amended Complaint (Doc. 15) pursuant to Federal Rule of Civil Procedure Rule 15(d) no later than **September 9, 2016**. If Plaintiff chooses to file the motion, Plaintiff shall attach to the motion a proposed supplemental pleading that contains only claims arising after April 20, 2015.

**IT IS FURTHER ORDERED** denying Plaintiff's "Motion to Compel

Discovery" (Doc. 130).

**IT IS FURTHER ORDERED** granting Defendants' "Expedited Motion to Quash Plaintiff's Twenty-Two Subpoenas to Third Parties" (Doc. 161).

Dated this 26th day of August, 2016.

_____
Eileen S. Willett
United States Magistrate Judge