WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony L Rodrigues,<br>    Plaintiff,<br>v.<br>Charles L Ryan, et al.,<br>    Defendants. | No. CV-14-08141-PCT-DGC (ESW)<br><br>**ORDER** |

Pending before the Court are a number of motions, which the Court has reviewed and rules on as set forth below.

## I. DISCUSSION

### A. Plaintiff's "Motion to Supplement Second Amended Complaint" (Doc. 174)

On August 26, 2016, the Court deemed Plaintiff's "Rule 15(d) Motion for Leave to Supplement Original Pleading" (Doc. 139) a motion to amend the Second Amended Complaint (Doc. 15). (Doc. 168 at 2). The Court denied Plaintiff leave to amend the Second Amended Complaint because Plaintiff's Motion (Doc. 139) was untimely filed and Plaintiff failed to show the good cause necessary for the Court to deviate from its Rule 16 Scheduling Order. (Doc. 168 at 4). In addition, Plaintiff's Motion (Doc. 139) failed to comply with Local Rule of Civil Procedure 15.1. (*Id.*). The Court granted Plaintiff leave to file a motion to supplement the Second Amended Complaint (Doc. 15)

pursuant to Federal Rule of Civil Procedure 15(d). (*Id.*). On September 9, 2016, Plaintiff filed a "Motion to Supplement Second Amended Complaint" (Doc. 174) and "Supplemental Pleading to Second Amended Complaint" (Doc. 175).[1]

"Rule 15(d) permits the filing of a supplemental pleading which introduces a cause of action not alleged in the original complaint and not in existence when the original complaint was filed." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998) (citation omitted). "Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings" as it is "a tool of judicial economy and convenience." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). "While leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action" that should have been the subject of a separate suit. *Planned Parenthood of Southern Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997).

There is currently one claim at issue in this case—Plaintiff's allegation that Defendants were deliberately indifferent to Plaintiff's serious medical need to be in a smoke-free environment. (Doc. 104 at 9-11, 13-14). Plaintiff's "Supplemental Pleading" (Doc. 175) seeks to add six new defendants and two new claims. Plaintiff alleges that Defendants were indifferent to his serious medical needs by refusing to provide Plaintiff with a "low fat reduced sodium medical diet." (Doc. 175 at 2-7). Plaintiff also alleges the loss of personal property and emotional and physical injury arising from a prison riot that occurred in July 2015. (*Id.* at 10-23). The Court finds that the proposed new claims represent separate causes of action that are distinct from the cause of action currently at issue. To reiterate, the goal of Rule 15(d) is judicial efficiency. *Keith*, 858 F.2d at 473. This case is over two years old, discovery has closed, and briefing on Defendants'

---

[1] Defendants filed a "Response in Opposition to Plaintiff's Motion to Supplement Second Amended Complaint" (Doc. 182). Defendants argue that Plaintiff filed his Motion to Supplement (Doc. 174) without substantial justification and for the purpose of unreasonably delaying and/or expanding the proceeding and that Defendants are therefore entitled to doubled attorney fees pursuant to ARIZ. REV. STAT. § 12-349(A). (Doc. 182 at 3-4). Plaintiff has moved to strike (Doc. 187) the Response (Doc. 182). Plaintiff's Motion to Strike and Defendants' request for attorney fees are discussed in Section I(B) below.

Motion for Summary Judgment is nearly complete. (Docs. 166, 192-93). Judicial efficiency will not be served if Plaintiff is permitted to add two new claims unrelated to Plaintiff's existing cause of action against new defendants. Plaintiff's "Motion to Supplement Second Amended Complaint" (Doc. 174) will be denied.

### B. Plaintiff's "Motion to Strike . . ." (Doc. 186) and Defendants' Request for Doubled Attorney Fees Pursuant to ARIZ. REV. STAT. § 12-349(A) (Docs. 182, 189, 191)

Plaintiff has moved to strike Defendants' "Response in Opposition to Plaintiff's Motion to Supplement Second Amended Complaint" (Doc. 182). (Doc. 186). Defendants' Response (Doc. 182) is authorized by Local Rule of Civil Procedure 7.2(c). Plaintiff's Motion to Strike (Doc. 186) will be denied.

In their Response (Doc. 182 at 6), Defendants request that the Court "order Plaintiff to pay Defendants' doubled reasonable attorney fees and expenses incurred as the result of Plaintiff's Motion to Supplement in an amount not to exceed five thousand dollars as set forth in A.R.S. 12-349."[2] ARIZ. REV. STAT. § 12-349(A) provides that:

> Except as otherwise provided by and not inconsistent with another statute, in any civil action commenced or appealed in a court of record in this state, the court shall assess reasonable attorney fees, expenses and, at the court's discretion, double damages of not to exceed five thousand dollars against an attorney or party, including this state and political subdivisions of this state, if the attorney or party does any of the following:
> 1. Brings or defends a claim without substantial justification.
> 2. Brings or defends a claim solely or primarily for delay or harassment.
> 3. Unreasonably expands or delays the proceeding.
> 4. Engages in abuse of discovery.

Defendants assert that "[t]his substantive rule applies in Arizona District Court." (Doc. 182 at 3). Under *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), "federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for*

---

[2] Defendants reiterate this request in their "Response in Opposition to Plaintiff's Motion to Strike" (Docs. 189, 191).

- 3 -

*Humanities, Inc.*, 518 U.S. 415, 427 (1996). However, the Court's subject-matter jurisdiction in this case is not predicated on diversity of the parties, but on a federal question. *See Rushdan v. Perbula*, 295 F. App'x 154, 155 (9th Cir. 2008) ("The district court had federal question jurisdiction because the first amended complaint asserted an Eighth Amendment claim for deliberate indifference under section 1983."). No claims based on Arizona law are involved. "In a pure federal question case brought in federal court, federal law governs attorney fees." *Disability Law Center of Alaska, Inc. v. Anchorage School Dist.*, 581 F.3d 936, 940 (9th Cir. 2009) (reversing district court's award of attorney fees pursuant to state procedural rule); *Klein v. City of Laguna Beach*, 810 F.3d 693, 702 (9th Cir. 2016) ("[F]ederal courts apply state law for attorneys' fees to state claims because of the *Erie* doctrine . . . *Erie* does not compel federal courts to apply state law to a federal claim."). Defendants' request for attorney fees pursuant to ARIZ. REV. STAT. § 12-349 will be denied.[3]

### C. Plaintiff's Motions (Docs. 170, 177) Requesting that the Court Stay Defendants' Motion for Summary Judgment (Doc. 166) and Plaintiff's "Motion for Extention [sic] of Time to File Answer to Request for Summary Judgment" (Doc. 184)

On August 31, 2016, the Clerk of Court docketed Plaintiff's "Motion to Stay Defendants' Request for Summary Judgment" (Doc. 170). Thereafter, Plaintiff filed a "Motion to Amend Motion to Stay Defendants' Request for Summary Judgment" (Doc. 176) and lodged an "Amended Motion to Stay . . ." (Doc. 177). The Court will grant Plaintiff's Motion to Amend (Doc. 176) and will direct the Clerk of Court to file Plaintiff's "Amended Motion to Stay . . ." (Doc. 177).

---

[3] The Court would deny Defendants' request for attorney fees pursuant to ARIZ. REV. STAT. § 12-349 even if this were a diversity jurisdiction case. Defendants' request is based on Plaintiff's conduct in the litigation. As the Ninth Circuit has explained, "when fees are based upon misconduct by an attorney or party in the litigation itself, rather than upon a matter of substantive law, the matter is procedural." *In re Larry's Apartment, L.L.C.*, 49 F.3d 832, 838 (9th Cir. 2001) (reversing bankruptcy court's award of attorney fees pursuant to ARIZ. REV. STAT. § 12-349). "[T]he federal courts must be in control of their own proceedings and of the parties before them, and it is almost apodictic that federal sanction law is the body of law to be considered in that regard." *Id.*

- 4 -

In requesting that the Court stay Defendants' Motion for Summary Judgment, Plaintiff asserts that Defendants have failed to comply with Plaintiff's discovery requests. (Doc. 177 at 2). However, the Court previously denied Plaintiff's "Motion to Compel Discovery" (Doc. 130). (Doc. 168 at 5-7). To the extent Plaintiff seeks to reopen discovery pursuant to Federal Rule of Civil Procedure 56(d), Plaintiff's request is denied for failure to comply with the requirements set forth in Rule 56(d). *See, e.g., United States v. Kitsap Physicians Service*, 314 F.3d 995, 1000 (9th Cir. 2002) ("Failure to comply with [the requirements of Rule 56(d)] is a proper ground for denying relief.");[4] *Pfingston v. Ronan Engineering Co.*, 284 F.3d 999, 1005 (9th Cir. 2002) ("The failure to conduct discovery diligently is grounds for the denial of a Rule 56[d] motion."); *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 524 (9th Cir. 1989) ("A movant cannot complain if it fails diligently to pursue discovery before summary judgment"); *Landmark Dev. Corp. v. Chambers Corp.*, 752 F.2d 369, 372 (9th Cir. 1985) (ruling that district court properly denied the plaintiffs' Rule 56(d) motion because the "[f]ailure to take further depositions apparently resulted largely from plaintiffs' own delay"). As Plaintiff has not shown good cause to stay the Motion for Summary Judgment (Doc. 166), the "Amended Motion to Stay . . ." (Doc. 177) will be denied.

Plaintiff requests that the Court extend the deadline to respond to the Motion for Summary Judgment (Doc. 166) to October 26, 2016. (Doc. 184 at 2). The Court will grant the request. Plaintiff's Response (Docs. 192-93) filed on October 25, 2016 is deemed timely filed.

## II. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** denying Plaintiff's "Motion to Supplement Second Amended Complaint" (Doc. 174).

---

[4] Prior to the 2010 amendments to the Federal Rules of Civil Procedure, Rule 56(d) was numbered 56(f).

**IT IS FURTHER ORDERED** denying Plaintiff's "Motion to Strike . . ." (Doc. 186).

**IT IS FURTHER ORDERED** denying Defendants' request for attorney fees pursuant to ARIZ. REV. STAT. § 12-349. (Docs. 182, 189, 191).

**IT IS FURTHER ORDERED** granting Plaintiff's "Motion to Amend Motion to Stay Defendants' Request for Summary Judgment" (Doc. 176).

**IT IS FURTHER ORDERED** directing the Clerk of Court to file Plaintiff's lodged "Amended Motion to Stay Defendants' Request for Summary Judgment" (Doc. 177).

**IT IS FURTHER ORDERED** denying Plaintiff's "Amended Motion to Stay Defendants' Request for Summary Judgment" (lodged at Doc. 177). Plaintiff's "Motion to Stay Defendants' Request for Summary Judgment" (Doc. 170) is denied as moot.

**IT IS FURTHER ORDERED** granting Plaintiff's "Motion for Extention [sic] of Time to File Answer to Request for Summary Judgment" (Doc. 184). Plaintiff's Responses (Docs. 192-93) are deemed timely filed.

Dated this 31st day of October, 2016.

_____
Eileen S. Willett
United States Magistrate Judge